IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARISOL COLÓN DIAZ,

    **Plaintiff**

    v.

                        **CIVIL NO.** 09-1564 (JAG)

DEPARTMENT OF EDUCATION, et al.,

    **Defendants**

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

    Pending before the Court is the Department of Education's Motion to Set Aside Judgment Pursuant to Fed.R.Civ.Proc. 60(b)(4) (Docket No. 30) and a Magistrate Judge's Report and Recommendation (Docket No. 41) advising the Court to grant the motion. For the reasons stated below, the Court hereby **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation and, accordingly, sets aside the Default Judgment.

**FACTUAL AND PROCEDURAL BACKGOUND**

Civil No. 09-1564 (JAG)                                                  2

On June 22, 2009, Marisol Colón Diaz ("Plaintiff") brought the underlying action for workplace disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.,* against the Department of Education ("DOE") and the Commonwealth of Puerto Rico ("Commonwealth"). (Docket No. 1). On August 26, 2009, summons were served on Hilton Mercado, Esq., the Director of the Legal Division of the DOE. (Docket No. 8). After the DOE failed to respond, the Court entered default against it. (Docket No. 10). The case was referred to a Magistrate Judge who held a default hearing on March 23, 2011, and issued a Report and Recommendation as to damages. (Docket Nos. 11, 17, and 21). On June 28, 2010, the court entered default judgment against the DOE, awarding Plaintiff $350,000. (Docket No. 24). The court issued a writ of attachment on November 2, 2010. (Docket No. 29).

On December 6, 2010, the DOE moved to set aside the judgment. (Docket No. 30). It argues that the Court did not have personal jurisdiction over it or the Commonwealth of Puerto Rico. In the alternative, it argues that the default judgment is contrary to the DOE's and the Commonwealth's Eleventh Amendment sovereign immunity and that the Order of Attachment is illegal because public funds may not be attached, garnished, and/or seized in order to secure the execution of a judgment. Plaintiff filed a timely opposition. (Docket No. 33).

The Court referred the motion to the Magistrate Judge for a Report and Recommendation. (Docket No. 38). The Magistrate Judge found that service of process was valid even if it did not strictly comply with the applicable rule and that Plaintiff did not assert a claim under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.*, because she only mentioned the act in passing. He also found that the DOE was not stripped of its sovereign immunity when default was entered against it and that the entire judgment should be set aside.

The DOE filed a partial opposition to the Report and Recommendation. (Docket No. 45). It contends that the Court did not acquire jurisdiction over it because the head of the DOE was never personally served nor was service of process conducted pursuant to state law. Plaintiff also filed her opposition to the Magistrate Judge's Recommendation. (Docket No. 42). In essence, Plaintiff argues that the DOE's conduct throughout this litigation results in a waiver of its sovereign immunity defense and that the Magistrate erred by deciding *sua sponte* that the DOE was immune from the retaliation claim brought pursuant to the ADA. Plaintiff further argues that the Magistrate Judge erred in concluding that her ADA retaliation claim was premised under Title I of the ADA ("Title I"), 42 U.S.C. § 12112(a), and

Civil No. 09-1564 (JAG)                                          4

that the Magistrate Judge erred in not considering her claim under the Rehabilitation Act.


**ANALYSIS**


Service of Process and Sovereign Immunity

     The DOE objects to the Magistrate Judge's finding regarding service of process. Specifically, the DOE contends that service upon it was not conducted pursuant to Fed.R.Civ.Proc. 4(j). The rule prescribes that in order to serve a state, municipal government, or state organization service must be done by "delivering a copy of the summons and the complaint to its chief executive officer" or by performing service of process pursuant to state law.

     In this case, summons and a copy of the complaint were delivered to Attorney Hilton Mercado, director of the DOE's legal division. They were not delivered to the Secretary of Education who is, for purposes of the rule, the DOE's chief executive officer. Defendant does not deny that the director is authorized to receive service of process on behalf of the Secretary of Education. Instead, he contends that the rule itself requires that the summons and complaint be delivered personally to the Secretary of Education.

Civil No. 09-1564 (JAG)                                              5

The Court disagrees with Defendant's literal interpretation
for it considers that if the Secretary of Education authorized
Attorney Hilton Mercado to receive summons on his behalf, it
follows that service upon him is, for all legal purposes,
equivalent to serving process upon the Secretary. Hence, the
Court finds, as did the Magistrate Judge, that the Court
properly acquired jurisdiction over the DOE.

Plaintiff, on the other hand, contends that the Magistrate
Judge erred in finding that the DOE enjoyed sovereign immunity.
Plaintiff asserts that instead of taking action after receiving
proper notice of the lawsuit, the DOE consciously ignored it.
(Docket No. 42, p. 5). According to her, "[t]his type of conduct
shows a knowing and voluntary waiver" of Eleventh Amendment
immunity. Id.

Plaintiff urges the Court to conclude that DOE would obtain
an unfair advantage in litigation if it is allowed to invoke
sovereign immunity.[1] New Hampshire v. Ramsey, 366 F.3d 1 (1st
Cir. 2004). However, the facts in Ramsey are clearly
distinguishable from those in the case at hand. In Ramsey, the
failure to assert the sovereign immunity defense was accompanied
by an affirmative assertion regarding the plaintiff's failure to
exhaust administrative remedies. Id. at 16. In this case,
however, there is an absolute lack of affirmative action.

[1] The Court assumes that the Commonwealth's immunity extends to the Department.
See Diaz-Fonseca v. Puerto Rico, 451 F.3d 13 (1st Cir. 2006).

Civil No. 09-1564 (JAG)                                                    6

The Court recognizes that in many situations a defendant's inaction constitutes an affirmative waiver of most defenses. See Echevarría-González v. González-Chapel, 849 F.2d 24, 32 (1st Cir. 1988). However, the Court understands that the type of affirmative action that constitutes Eleventh Amendment immunity waiver is absent in this case. Even if, as Plaintiff argues, the DOE's behavior were to be considered as showing an unjustified and inexcusable lack of diligence, the Court cannot simply punish it by ignoring the Eleventh Amendment.

Plaintiff avers that if the state does not assert sovereign immunity as a defense then it can be deemed waived. Plaintiff posits that the Magistrate Judge erred by deciding sua sponte that the DOE was immune from the ADA retaliation claim. The Court does not agree with Plaintiff.

The First Circuit held that the Eleventh Amendment defense need not be raised in the district court and clarified that a Circuit court may consider it upon its own motion. Echevarría-González, 849 F.2d at 32. In like fashion, other courts have concluded that the issue of Eleventh Amendment immunity may be raised sua sponte. Moreno v. Thomas, 490 F.Supp.2d 1055, 1059 (C.D.Cal. 2007); see also 13 Charles Alan Wright ET. AL., Federal Practice & Procedure § 3524.1 (3d ed. 2011). As a result, the Court finds no error in the Magistrate Judge's sua sponte finding.

Civil No. 09-1564 (JAG)                                          7

<u>Title V ADA Retaliation Claim</u>

      The Magistrate Judge determined that Plaintiff's ADA claim
was premised on Title I because Plaintiff alleged that she
suffered an adverse employment action in retaliation for filing
several complaints. Plaintiff posits that the Magistrate Judge
erred in concluding that the ADA retaliation claim is based on
Title I of the ADA. Plaintiff avers that the predicate of its
Title V retaliation claim ("Title V"), 42 U.S.C. § 12203, is
premised on allegations under Title II of the ADA ("Title II").[2]
42 U.S.C. § 12132. The Court disagrees with Plaintiff.

_____

[2] It remains unclear in our Circuit whether Title II of the ADA "even applies
to claims of employment discrimination." <u>Skinner v. Salem School Dist.</u>, 718
F.Supp.2d 186, 192 (D.N.H. 2010) (citing <u>Carmona-Rivera v. Puerto Rico</u>, 464
F.3d 14, 17 (1st Cir. 2006)).
      In her argument, Plaintiff highlights an issue that currently divides
the Eleventh and Ninth Circuits. The Eleventh Circuit held that employment
discrimination claims may be brought against public entities under Title II.
<u>Bledsoe v. Palm Beach County Soil & Water Conservation Dist.</u>, 133 F.3d 816
(11th Cir.1998). In contrast, the Ninth Circuit found that Title II may not
be used to bring an employment discrimination claim against a public entity.
<u>Zimmerman v. Or. Dep't of Justice</u>, 170 F.3d 1169 (9th Cir.1999). The Supreme
Court has not readily addressed the issue on the merits. However, the Supreme
Court's decision in <u>Bd. of Trs. of Univ. of Ala. v. Garrett</u>, 531 U.S. 356
(2001), suggests skepticism as to whether Title II of the ADA can be used to
bring an employment discrimination claim. <u>See</u> <u>Skinner v. Salem School Dist.</u>,
718 F.Supp.2d 186, 191 (D.N.H. 2010).
      The First Circuit briefly addressed the issue in a case that was
ultimately stayed on abstention grounds. <u>Currie v. Group Ins. Com'n</u>, 290 F.3d
1, 6 (1st Cir. 2002). In <u>Currie</u>, the First Circuit states without expressly
holding that Title II could ostensibly be used to bring an employment
discrimination claim. <u>Id.</u> at 6-7. The <u>Currie</u> decision further states that the
Department of Justice has promulgated a regulation stating that Title II does
cover employment practices, which is entitled to deference under the <u>Chevron</u>
doctrine if the statutory language is unclear. <u>Id.</u>
      The Court notes that there exists a discrepancy in the interpretations
adopted by the Ninth and Eleventh Circuits. However, the Court finds that the
Magistrate Judge's reasoning in this case was sound. Furthermore, the Court
finds that the approach in <u>Collazo-Rosado v. University of Puerto Rico</u>, 775
F.Supp.2d 376, 9 (D.P.R. 2011), militates towards a finding that Plaintiff's
claim arises from Title I. According to Plaintiff's allegations, the
retaliatory behavior was triggered by her complaints for an alleged hostile
work environment due to disability discrimination. Therefore, the retaliation

Civil No. 09-1564 (JAG)                                                  8

The Supreme Court stated that claims for monetary damages in Federal Court against the State for employment discrimination under Title I of the ADA are barred by Eleventh Amendment immunity. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001).

Neither the Supreme Court nor the First Circuit have addressed whether or not Title V abrogates sovereign immunity. Torres-Alamo v. P.R., 502 F.3d 20, 23 n.1 (1st Cir. 2007) (citing Demshki v. Monteith, 255 F.3d 986 (9th Cir.2001)). However, this Court held in Collazo-Rosado v. University of Puerto Rico, 775 F.Supp.2d 376, 9 (D.P.R. 2011), that Title V suits that were premised on Title I of the ADA are barred by sovereign immunity.

The Court understands that because Plaintiff alleged that she suffered an adverse employment action in retaliation for filing several complaints, her retaliation claim is one arising under Title I of the ADA and is barred by the Eleventh Amendment. Id.

As a result of the foregoing, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's ADA claim is barred.

Claims under the Rehabilitation Act

---

claim arises from conduct that falls within the parameters of Title I. Id. See Castro Ortiz v. Fajardo, 133 F.Supp.2d 143, 145 (D.P.R. 2001); see also Medina-Medina v. Puerto Rico, 769 F. Supp. 2d 77, 9 (D.P.R. 2011).

Civil No. 09-1564 (JAG)                                                    9

Lastly, Plaintiff argues that the Magistrate Judge erred in finding that she did not have a claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. Plaintiff's argument is essentially that the Rehabilitation Act and the ADA are analogous and therefore impose identical obligations on employers. As a result, Plaintiff posits that a finding of a violation under the ADA retaliation claim would implicitly include a similar finding under the Rehabilitation Act. It seems that Plaintiff is arguing that the Magistrate Judge erred by not considering the Rehabilitation Act as part of its damages award in his first Report and Recommendation. (Docket No. 21). More importantly, Plaintiff vehemently disagrees with the Magistrate Judge's conclusion that Plaintiff did not advance a claim under the Rehabilitation Act because the statute was only mentioned in passing.

Plaintiff goes on to argue that she properly filed a Rehabilitation Act claim and that such a claim is not precluded by Eleventh Amendment immunity. Plaintiff alleges that she adequately pleaded a retaliation claim pursuant to the Rehabilitation Act. For the sake of clarity, Plaintiff's motion only addresses that she advanced a retaliation claim pursuant to the Rehabilitation Act. Plaintiff does not argue that she advanced a discrimination claim under the Rehabilitation Act.

Civil No. 09-1564 (JAG)                                          10

Upon an examination of Plaintiff's Complaint, the Court agrees that Plaintiff merely listed the Rehabilitation Act in the jurisdictional section of the Complaint. In fact, Plaintiff's complaint alleges retaliation pursuant to federal law without specifying a statute. (Docket No. 1).

Thus, the Court is tasked with determining whether Plaintiff advanced a claim under the Rehabilitation Act in light of Rule 8's liberal pleading standards, which only require a short and plain statement that the pleader is entitled to relief. Fed.R.Civ.P. 8. Furthermore, the Court must reconcile whether Plaintiff's lack of objection to the Magistrate Judge's recommendation limits Plaintiff's ability to assert that it has a valid claim under the Rehabilitation Act at this juncture in the case.[3]

The Rehabilitation Act prohibits both discrimination and retaliation against the disabled. Said act prohibits retaliation against employees for complaining about violations of the Act. Quiles-Quiles v. Henderson, 439 F.3d 1, 8 (1st Cir. 2006)

---

[3] 28 U.S.C. § 636 (b)(1)(C) states: "[T]he magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

Civil No. 09-1564 (JAG)                                          11

(citing 29 U.S.C. § 791; <u>Coons v. Sec'y of the Treasury</u>, 383
F.3d 879, 887 (9th Cir. 2004)). To prove retaliation, a
plaintiff must establish that (1) he engaged in protected
conduct; (2) he experienced an adverse employment action; and
(3) there was a causal connection between the protected conduct
and the adverse employment action. See <u>Calero-Cerezo v. U.S.</u>
<u>Dept. of Justice</u>, 355 F.3d 6, 25(1st Cir. 2004).

    The term "adverse employment action" is broadly defined and
include[s] any material disadvantage in respect to salary,
grade, or other objective terms and conditions of employment.
<u>Sensing v. Outback Steakhouse of Florida, LLC</u>, 575 F.3d 145, 157
(1st Cir. 2009). Furthermore, in the proper circumstances the
causation element may be established by evidence that there was
a temporal proximity between the behavior in question and the
employee's complaint. <u>Noviello v. Boston</u>, 398 F.3d 76, 89 (1st
Cir. 2005)).

    Moreover, the Court notes that although the ADA and the
Rehabilitation Act are not identical, the First Circuit has
recognized that in some cases their points of departure have no
bearing. <u>Partelow v. Massachusetts</u>, 442 F.Supp.2d 41, 47 (D.Mass
2006). In fact, the analysis is the same under retaliation
claims under the ADA and the Rehabilitation Act. <u>Gonzalez</u>
<u>Bermudez v. Potter</u>, 675 F.Supp.2d 251, 257 (D.P.R. 2009).

Civil No. 09-1564 (JAG)                                          12

In light of the record, it seems that Plaintiff did in fact advance a Rehabilitation Act claim for retaliation. Furthermore, Plaintiff's Complaint alleges that she filed internal administrative complaints and subsequently filed a discrimination charge with the EEOC. The Complaint further alleges that after the internal complaints were filed, Plaintiff's supervisors began persecuting her and subjecting her to increasing scrutiny and monitoring. The Magistrate Judge already determined, and the Court agreed, that Plaintiff advanced a plausible retaliation claim pursuant to the ADA. (Docket No. 21). The Court finds that Plaintiff has presented a plausible retaliation claim under the Rehabilitation Act.

Plaintiff further argues that she advanced not only a valid claim for retaliation under the Rehabilitation Act but that such a claim is not limited by sovereign immunity. The Court has already concluded that Plaintiff's ADA claims are barred by the DOE's sovereign immunity.

Whether or not the DOE enjoys sovereign immunity from claims under the Rehabilitation Act has been the subject of considerable debate. The First Circuit addressed this issue in Diaz-Fonseca v. Puerto Rico, 451 F.3d 13 (1st Cir. 2006). The First Circuit determined that the Commonwealth of Puerto Rico can waive its immunity in three ways: "(1) by a clear declaration that it intends to submit itself to the jurisdiction

Civil No. 09-1564 (JAG)                                              13

of a federal court ...; (2) by consent to or participation in a
federal program for which waiver of immunity is an express
condition; or (3) by affirmative conduct in litigation." Id. at
33 (citing New Hampshire v. Ramsey, 366 F.3d 1, 15 (1st
Cir.2004)) (citations omitted). The Circuit court further
determined that the Commonwealth has waived its Eleventh
Amendment immunity against Rehabilitation Act claims by
accepting federal funds. Id. (citing 42 U.S.C. § 2000d-7(a)(1)).
In fact, the First Circuit concluded that the DOE did not enjoy
Eleventh Amendment immunity on Rehabilitation Act claims. Id.

     In light of the foregoing, the Court concludes that
Plaintiff advanced a claim under the Rehabilitation Act and that
claim is not barred by Eleventh Amendment immunity. The Court
further concludes that because the Rehabilitation Act prohibits
retaliation under the same standard as the ADA, Plaintiff has a
meritorious claim under the Rehabilitation Act. Gonzalez
Bermudez, 675 F.Supp.2d at 257. However, the Court finds that it
would not be appropriate at this juncture to leave the
Magistrate Judge's recommended damages award undisturbed. As a
result, the Court remands this case to the Magistrate Judge for
a second Report and Recommendation on the issue of damages.

Supplemental Claims

     "[I]n the absence of consent[,] a suit in which the State
or one of its agencies or departments is named as the defendant

Civil No. 09-1564 (JAG)                                              14

is proscribed by the Eleventh Amendment." <u>Diaz-Fonseca</u>, 451 F.
3d at 32 (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465
U.S. 89, 100 (1984)). "[S]ince a state only exists through its
instrumentalities, Eleventh Amendment immunity also extends to
arms or ' alter egos' of the State." <u>Sanchez-Ramos v. P.R.</u>
<u>Police Dep't</u>, 392 F.Supp.2d 167, 177 (D.P.R. 2005).

The Commonwealth of Puerto Rico has consented to be sued
for damages in actions brought under the general negligence
statute of Puerto Rico. However, said consent does not extend to
any courts but the Commonwealth's own. <u>Diaz-Fonseca</u>, 451 F.3d at
34. Article 1802 of the Puerto Rico Civil Code does not contain
an explicit waiver of the Commonwealth's sovereign immunity. P.R.
LAWS ANN. tit. 31, § 5141. Similarly, the Court finds that
Plaintiff's Law 115 claim may not proceed because the
Commonwealth has not waived its sovereign immunity. <u>See Nieves-</u>
<u>Garay v. Puerto Rico Police Dept.</u>, Civil No. 09-1959, 2011 WL
2518801 at *5 (D.P.R. June 23, 2011).

<u>Garnishing of Public Funds</u>

The DOE requests that the Court quash the writ of
attachment already issued because public funds cannot be
attached, garnished, and/or seized. The DOE posits that pursuant
to Rule 69, the Court must implement the procedure of the state
where the court is located when a money judgment is enforced by
a writ of execution. Fed.R.Civ.P. 69. The DOE goes on to cite

Civil No. 09-1564 (JAG)                                    15

the Puerto Rico Rules of Civil Procedure, as well as several cases decided by the Supreme Court of Puerto Rico, one of which has no English translation. In fact, both parties cite extensively to Librotex v. Aqueduct and Sewer Authority, 138 D.P.R. 938 (1995), without furnishing an official translation.

The Court finds that the Puerto Rico Supreme Court has held that as a matter of public policy governmental entities ought not be subject to the inconveniencies of attachment, which interfere with the execution of public functions. See Whitfield v. Municipality of Fajardo, Civil No. 01-2647, 2007 WL 6894782 at *4 (D.P.R. May 29, 2007) (citing Stump Corp. v. Tribunal Superior, 99 D.P.R. 179 (1970)). Thus, the Court understands that the writ of attachment is inappropriate.

The Court has already determined that Plaintiff's claims pursuant to the ADA, Article 1802, and Law 115 are barred by Eleventh immunity. As a result, the Court finds it appropriate to quash the existing writ of attachment.


                              **CONCLUSION**


For the reasons stated above, the Court **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation and sets aside the Default Judgment entered against the DOE. Plaintiff's ADA claims are **DISMISSED WITH PREJUDICE**. Plaintiff's

Civil No. 09-1564 (JAG)                                                     16

supplemental claims under Puerto Rico law are **DISMISSED WITHOUT PREJUDICE.** The Court retains jurisdiction over Plaintiff's retaliation claims under the Rehabilitation Act. These claims are remanded to the Magistrate Judge for a second Report and Recommendation on the issue of damages pursuant to the Rehabilitation Act.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of September, 2011.

<u>s/ Jay A. García Gregory</u>
JAY A. GARCIA GREGORY
U.S. DISTRICT JUDGE