IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARISOL COLÓN DIAZ,

**Plaintiff**

v.

DEPARTMENT OF EDUCATION, et al.,

**Defendants**

CIVIL NO. 09-1564 (JAG)

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Magistrate Judge McGiverin's Report and Recommendation on the issue of damages pursuant to the Rehabilitation Act. The Department of Education ("DOE") filed an objection to said Report and Recommendation and Marisol Colon Diaz ("Plaintiff") filed a motion in response to the DOE's objection. For the reasons outlined below, the Court hereby **ADOPTS** the Magistrate's Report and Recommendation.

FACTUAL AND PROCEDURAL BACKGOUND

On June 22, 2009, Marisol Colón Diaz ("Plaintiff") brought the underlying action for workplace disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, against the DOE and the Commonwealth of

Puerto Rico (the "Commonwealth"). (Docket No. 1). On August 26, 2009, summons were served on Hilton Mercado, Esq., the Director of the Legal Division of the DOE. (Docket No. 8). After the DOE failed to respond, the Court entered default against it. (Docket No. 10). The case was referred to a Magistrate Judge who held a default hearing on March 23, 2011, and issued a Report and Recommendation as to damages. (Docket Nos. 11, 17, and 21). On June 28, 2010, the court entered default judgment against the DOE, awarding Plaintiff $350,000. (Docket No. 24). The Court issued a writ of attachment on November 2, 2010. (Docket No. 29).

On December 6, 2010, the DOE moved to set aside the judgment. (Docket No. 30). It argued that the Court did not have personal jurisdiction over it or the Commonwealth of Puerto Rico. In the alternative, it maintained that the default judgment is contrary to the DOE's and the Commonwealth's Eleventh Amendment sovereign immunity and that the Order of Attachment is illegal because public funds may not be attached, garnished, and/or seized in order to secure the execution of a judgment. Plaintiff filed an opposition. (Docket No. 33).

The Court referred the motion to the Magistrate Judge for a Report and Recommendation. (Docket No. 38). The Magistrate Judge found that service of process was valid even if it did not strictly comply with the applicable rule and that Plaintiff did

not assert a claim under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.*, because she only mentioned the act in passing. He also found that the DOE was not stripped of its sovereign immunity when default was entered against it and that the entire judgment should be set aside.

The DOE filed a partial opposition to the Report and Recommendation. (Docket No. 45). The DOE argued that the Court did not acquire jurisdiction over it because the head of the DOE was never personally served nor was service of process conducted pursuant to state law. Plaintiff also filed her opposition to the Magistrate Judge's Recommendation. (Docket No. 42). In essence, Plaintiff argued that the DOE's conduct throughout this litigation resulted in a waiver of its sovereign immunity defense and that the Magistrate erred by deciding *sua sponte* that the DOE was immune from the retaliation claim brought pursuant to the ADA. Plaintiff further argued that the Magistrate Judge erred in concluding that her ADA retaliation claim was premised under Title I of the ADA ("Title I"), 42 U.S.C. § 12112(a), and that the Magistrate Judge erred in not considering her claim under the Rehabilitation Act.

The Court entered an Opinion and Order on September 30, 2011, in which it dismissed Plaintiff's ADA and Puerto Rico law claims. However, the Court retained jurisdiction over

Plaintiff's retaliation claims under the Rehabilitation Act. The Court remanded these claims to the Magistrate Judge for a Report and Recommendation on the issue of damages pursuant to the Rehabilitation Act. In his Report and Recommendation, the Magistrate Judge awarded Plaintiff $250,000 in damages. (Docket No. 58). The DOE filed an opposition to this Report and Recommendation, (Docket No. 59); and Plaintiff timely responded to the DOE's objections, (Docket No. 60).

## STANDARD

The default of a defendant constitutes an admission of all facts well-pleaded in the complaint. <u>Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc.</u>, 285 F.3d 111, 114 (1st Cir. 2002). A default judgment based on the well-pleaded allegations in a complaint establishes only the defendant's liability, and it is then "incumbent upon the plaintiffs to establish the extent of the damages resulting from the defendant's violations." <u>Eisler v. Stritzler</u>, 535 F.2d 148, 153-54 (1st Cir. 1976). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. 3d § 2688. Here, the presiding judge determined that Colón's retaliation claim constituted a legitimate cause of action under the Rehabilitation Act. (Docket

No. 54). See Quiles-Quiles v. Henderson, 439 F.3d 1, 8 (1st Cir. 2006) (recognizing claim of retaliation by hostile environment under the Rehabilitation Act). When the amount of damages is in dispute or is not ascertainable from the pleadings, a district court should hold a hearing after default to determine the amount of the award. Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999).

**ANALYSIS**

The DOE argues that Plaintiff failed to make a retaliation claim under the Rehabilitation Act. It posits that Plaintiff's complaint fails to establish that she suffered mistreatment and hostility because of her mental condition. As a result, DOE argues that the damages award should be set aside.

The Rehabilitation Act prohibits both discrimination and retaliation against the disabled. Said act prohibits retaliation against employees for complaining about violations of the Act. Quiles-Quiles v. Henderson, 439 F.3d 1, 8 (1st Cir. 2006) (citing 29 U.S.C. § 791; Coons v. Sec'y of the Treasury, 383 F.3d 879, 887 (9th Cir. 2004)). To prove retaliation, a plaintiff must establish that (1) he engaged in protected conduct; (2) he experienced an adverse employment action; and (3) there was a causal connection between the protected conduct and the adverse employment action. See Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, 25 (1st Cir. 2004).

The term "adverse employment action" is broadly defined and include[s] any material disadvantage in respect to salary, grade, or other objective terms and conditions of employment. Sensing v. Outback Steakhouse of Florida, LLC, 575 F.3d 145, 157 (1st Cir. 2009). Furthermore, in the proper circumstances the causation element may be established by evidence that there was a temporal proximity between the behavior in question and the employee's complaint. Noviello v. Boston, 398 F.3d 76, 89 (1st Cir. 2005)).

Moreover, the Court notes that although the ADA and the Rehabilitation Act are not identical, the First Circuit has recognized that in some cases their points of departure have no bearing. Partelow v. Massachusetts, 442 F.Supp.2d 41, 47 (D.Mass 2006). In fact, the analysis is the same under retaliation claims under the ADA and the Rehabilitation Act. Gonzalez Bermudez v. Potter, 675 F.Supp.2d 251, 257 (D.P.R. 2009).

The Court has already determined that Plaintiff did advance a retaliation claim pursuant to the Rehabilitation Act. As a result, DOE is attempting to revisit a matter that the Court has already decided. Moreover, DOE makes a rather confusing argument in which it states that Plaintiff's complaint does not contain any evidence that Plaintiff was discriminated solely by reason of her alleged disability and that as a result Plaintiff's retaliation claim should not find success. DOE argues that it is

clear that Plaintiff did not engage in protected conduct under the Rehabilitation Act because Plaintiff failed to complain that she was discriminated against because of her disability. The DOE argues that Plaintiff stated in her complaint that her mental condition was aggravated due to a disability protected under the Rehabilitation Act. DOE posits that this distinction is crucial and disallows the damages award in favor of Plaintiff. The Court disagrees with this last minute attempt to re-argue matters already decided. The Court understands that Plaintiff advanced a valid retaliation claim in which she demonstrated that she engaged in protected conduct by filing her work related complaints. As a result, the Court finds DOE's argument to be unavailing.

    DOE goes on to argue that that the Magistrate Judge should have held another evidentiary hearing to determine damages. DOE claims that a new hearing was crucial. Unfortunately, DOE does not explain why a new hearing was crucial. Moreover, DOE fails to cite any caselaw that supports its position. Nor does DOE argue that there are any new factors that the Magistrate Judge should have taken into account in a second damages hearing. Thus, the Court finds no need for a second damages hearing.

    Lastly, while DOE posits that the amount awarded to Plaintiff should be reduced to $125,000.00, it does not provide any legal authority to support its argument. The Court believes

that DOE is merely seeking to introduce its own judgment. After review, the Court finds that the Magistrate's Report and Recommendation is properly substantiated. Moreover, the Magistrate includes significant details of the damages suffered and explains why he believes that DOE should be ordered to pay the amount of $250,000.00 in damages. As a result, the Court shall uphold the recommended award.

## CONCLUSION

As a result of the foregoing, the Court hereby **ADOPTS** the Magistrate's Report and Recommendation, and, accordingly, **AWARDS** Plaintiff $250,000.00 in damages.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 17th day of May, 2012.

s/ Jay A. García Gregory
JAY A. GARCIA GREGORY
U.S. DISTRICT JUDGE
